**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| LUCIANO F. PAONE,<br><br>      Plaintiff,<br><br>v.<br><br>MARVELL SEMICONDUCTOR, INC.,<br><br>      Defendant. | Case No. 15-cv-608<br><br>**JURY TRIAL DEMANDED** |

**COMPLAINT**

Plaintiff Luciano F. Paone ("Paone") for his complaint against Marvell Semiconductor, Inc. ("Marvell"), hereby demands a jury trial and alleges as follows:

**The Parties**

1.   Plaintiff Paone is an individual who resides at 40 Sunset Drive, Manhasset, New York 11030.

2.   Upon information and belief, Defendant Marvell is a California Corporation with its principal place of business at 5488 Marvell Lane, Santa Clara, CA 90017. Marvell conducts business in New York through its New York sales representative, http://www.marvell.com/sales/index.jsp?location=ny, and its New York distributors, http://www.marvell.com/sales/index.jsp?location=ny.

3.   Marvell makes, uses, sells, and/or offers for sale in the United States, and/or imports into the United States, computer products and technology, including for example Marvell products that include Temporal Key Integrity Protocol ("TKIP") technology.

### Nature of the Action

4.      This is a civil action for infringement of United States Patent No. 6,259,789. This action arises under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq*.

### Jurisdiction and Venue

5.      This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a) because this action arises under the patent laws of the United States, including 35 U.S.C. § 271 *et seq*.

6.      This Court has personal jurisdiction over Marvell generally because Marvell has sufficient minimum contacts with the forum as a result of business conducted within the state of New York. Personal jurisdiction also exists specifically over Marvell because it, directly or through subsidiaries or intermediaries, makes, uses, offers for sale, sells, imports, advertises, makes available, and/or markets products and services within the state of New York that infringe the patent-in-suit, as described more particularly below.

7.      Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b) and (c), and 1400(b), because Marvell has committed acts of infringement in this district and because Marvell is subject to personal jurisdiction in this district.

### The Patent-In-Suit

8.      Paragraphs 1 through 7 are incorporated by reference as if fully stated herein.

9.      United States Patent No. 6,259,789 ("the '789 Patent"), entitled "Computer Implemented Secret Object Key Block Cipher Encryption and Digital Signature Device and Method," was duly and legally issued to Paone by the United States Patent and Trademark Office on July 10, 2001. A copy of the '789 Patent is attached hereto as Exhibit A.

10.     Three requests for *ex parte* reexamination of the '789 Patent were filed on May 16, 2008, June 29, 2008, and July 27, 2009, respectively. On December 8, 2009, the United

States Patent Office duly and legally issued an *Ex Parte* Reexamination Certificate for the first reexamination request confirming the patentability of original claims 2, 15, 24, 25, 33, 34 and amended claims 4-6, 8, 13, 14, 26 and 35. On March 9, 2010 the United Stated Patent Office duly and legally issued an *Ex Parte* Reexamination Certificate for the second reexamination request confirming the patentability of claims 17 and 26. On June 8, 2010 the United States Patent Office duly and legally issued an *Ex Parte* Reexamination Certificate for the third reexamination request confirming the patentability of claims 2, 24-26, 33, and 34.

11. Paone is the exclusive owner of all rights, title, and interest in the '789 Patent, including the right to recover all damages for infringement thereof, including past infringement.

12. The '789 Patent is valid and enforceable.

13. To date, Marvell has not taken a license to the '789 Patent.

**COUNT I:  Infringement of United States Patent No. 6,259,789**

14. Paragraphs 1 through 13 are incorporated by reference as if stated fully herein.

15. Marvell has infringed and continues to infringe, literally and/or under the doctrine of equivalents, one or more claims of the '789 Patent under 35 U.S.C. §§ 271(a), (b), and/or (c) based on its making, using, selling, and/or offering for sale in this judicial district and elsewhere in the United States, and/or importing into this judicial district and elsewhere in the United States, Marvell products that include TKIP technology, including without limitation, Avastar 88W8764, Avastar 88W8797, Avastar 88W8782, Avastar 88W8782U, Avastar 88W8787, 88W8688, 88W8786, 88W8786U, 88W8766P, Avastar 88W8864, Avastar 88W8964, TopDog 88W8366, Avastar 88W8766U, 88W8686, and 88W8618. These and any and all other Marvell products that include and/or support TKIP technology are referred to herein as "Accused Products."

16. Marvell is aware of the '789 Patent and Paone's infringement allegations. For example, by a letter dated December 6, 2013, Paone notified Marvell of the '789 Patent and Marvell's infringement of that patent, including a detailed claim chart setting forth specifically how Marvell's products including TKIP technology meet the limitations of certain claims of the '789 Patent. A copy of the December 6, 2013, letter and accompanying claim chart are attached hereto as Exhibits B and C respectively.

17. After Marvell received the December 6, 2013, letter, Paone and Marvell have continued to discuss the '789 Patent, including through written correspondence. Through these discussions, Paone attempted to negotiate license terms with Marvell. Despite Paone's good faith efforts to negotiate a business solution, Marvell has failed to take a license to the '789 Patent and continues to use Paone's intellectual property without authorization.

18. Upon information and belief, Marvell directly infringes the '789 Patent under 35 U.S.C. § 271(a) by making, using, selling, and/or offering for sale in the United States, and/or importing into the United States, without authority, infringing methods, products, and/or systems.

19. Marvell induces infringement of the '789 Patent under 35 U.S.C. § 271(b) by others in the United States. The direct infringement occurs by activities performed by Marvell, its contractors and employees, and/or end users of the Accused Products, in their intended use, including in wireless networks that utilize TKIP.

20. Marvell specifically intends third parties to infringe the '789 Patent, or alternatively, has been willfully blind to the possibility that its inducing acts would cause infringement. For example, Marvell induces infringement by continuing to disseminate products with the infringing TKIP functionality and by its affirmative actions of at least making its

website available to customers, providing directions to instruct and teach users to use the Accused Products in an infringing manner, and disseminating promotional and marketing materials, supporting materials, and technical information related to the Accused Products. Examples of such materials may be found at:

http://www.marvell.com/wireless/avastar/88W8787/index.jsp;

http://www.marvell.com/wireless/avastar/88W8864/index.jsp;

http://www.marvell.com/wireless/avastar/88W8964/index.jsp;

http://www.marvell.com/products/voip/Highly_Integrated_Single_Chip_VOIP/release/531/;

21. Marvell contributes to the infringement of the '789 Patent under 35 U.S.C. § 271(c). The direct infringement occurs by activities performed by Marvell, its contractors and employees, and/or end users of the Accused Products, in their intended use, including in wireless networks that utilize TKIP.

22. The TKIP technology in the Accused Products is a material part of the inventions of the '789 Patent. Marvell has been, and is currently, aware of the '789 Patent and knows the TKIP technology in the Accused Products to be especially made or especially adapted for use in an infringement of the'789 Patent. The TKIP technology in the Accused Products is not a staple article or commodity of commerce, nor is it suitable for any substantial non-infringing use.

23. Upon information and belief, Marvell's infringement of the '789 Patent was, and continues to be, willful. Marvell has known about the '789 Patent and the details of its infringement at least since on or about December 6, 2013, as discussed above in Paragraphs 16 and 17. Despite Marvell's knowledge of and notice of the '789 Patent and its infringement, Marvell has continued to make, use, sell, offer for sale, and/or import the Accused Products, and has continued to create and disseminate promotional and marketing materials, supporting

materials, instructions, and/or technical information related to the infringing aspects of the Accused Products. Marvell lacks a justifiable belief that it does not infringe the '789 Patent, or that the '789 Patent is invalid. Marvell has also acted with objective recklessness in its infringing activity.

24. Marvell's acts of infringement have caused, and continue to cause, damage to Paone. Under 35 U.S.C. § 284, Paone is entitled to recover from Marvell the damages sustained by Paone as a result of Marvell's infringement of the '789 Patent.

25. Marvell's conduct in infringing the '789 Patent renders this case exceptional within the meaning of 35 U.S.C. § 285.

### Prayer for Relief

**WHEREFORE**, Paone respectfully requests that this Court enter judgment against Marvell as follows:

A. That Marvell has infringed the '789 Patent;

B. That Marvell's infringement of the '789 Patent is willful;

C. That Paone be awarded all damages adequate to compensate him for Marvell's infringement of the '789 Patent in accordance with 35 U.S.C. § 284 and, if necessary to adequately compensate Paone for the infringement, an accounting, and that such damages be trebled and awarded to Paone with prejudgment and postjudgment interest;

D. That this case be declared an exceptional case within the meaning of 35 U.S.C. § 285 and that Paone be awarded the attorney fees, costs, and expenses incurred in connection with this action; and

E. That Paone be awarded such other and further relief as this Court deems just and proper.

## **JURY DEMAND**

      Paone hereby demands a trial by jury on all claims and issues so triable.


Dated: February 6, 2015                     Respectfully submitted,

                                                  /s/ Sean T. Doyle_____
                                          Jon T. Hohenthaner (JH 5708)
                                          Andrew G. Heinz (AH 2704)
                                          Sean T. Doyle (SD 7678)
                                          DESMARAIS LLP
                                          230 Park Avenue
                                          New York, New York 10169
                                          Telephone: (212) 351-3400
                                          Facsimile:  (212) 351-3401

                                          Counsel for Plaintiff LUCIANO F. PAONE